IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDRE ELLIOTT, #06-4691 | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. AW-06-3018 |
| | * | |
| MONTGOMERY COUNTY | * | |
| DEPARTMENT OF CORRECTIONS, | * | |
| *et al.* | * | |
| Defendants | * | |
| | oOo | |

**MEMORANDUM OPINION**

Pending is a pro se civil rights complaint filed by Andre Elliott, currently held at the Montgomery County Correctional Facility, alleging that he has been sexually harassed by one of the named defendants, Corporal K. Costigan, a corrections officer.[1] The Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, but dismiss the Complaint without prejudice to refiling after exhaustion of administrative remedies.

Under the Prison Litigation Reform Act ("PLRA") a prisoner is required to exhaust his administrative remedies before filing a § 1983 action concerning his confinement. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief

---

[1] Plaintiff alleges that on August 17, 2006, Corporal Costigan refused to give his name to Plaintiff who wanted to "write an institutional grievance on him for disrespecting me I was disabled due to a broken foot." Complaint. After Plaintiff again asked for his name, Costigan allegedly responded "THESE NUTS" referring to his genitals and fondled himself. *See id.* Plaintiff contends that Costigan made "several more of the aforementioned comments throughout the day." *Id.*

requested cannot be granted administratively.  *See Booth v. Churner,* 532 U.S. 731 (2001), *see also Woodford v. Ngo*, _ U.S._, 126 S.Ct. 2378 (2006) (exhaustion of administrative remedies is mandatory and must be proper). Exhaustion is also required in all suits challenging prison conditions, not just suits brought under  § 1983. *See Porter v. Nussle*, 534 U.S. 516 (2002).

In the Complaint, Plaintiff indicates that he filed a grievance and Corporal Costigan denies the allegations against him.  Plaintiff indicates he has submitted his grievance for review to the Deputy Warden of Operations, and is awaiting a response.[2]  Clearly, Plaintiff has yet to fully exhaust available avenues of administrative review, and the Complaint will be dismissed without prejudice.  A separate Order follows.


December 20, 2006                                             _____/s/_____
Date                                                                                Alexander Williams, Jr.
                                                                                       United States District Judge

---

[2]     Plaintiff does not state when the grievance was submitted.